WILLIAM A. DODGE, DEFENDANT, v. JOHN D.. CRANE & SONS, A CORPORATION, AND THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, PROSECUTORS.

Argued May 4, 1948—Decided June 1, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the prosecutors, *Walter H. Jones* and *Walter R. Hespe.*

For the defendant, *David Roskein* and *John A. Laird.*

The opinion of the court was delivered by

BODINE, J. William A. Dodge was awarded compensation in the Bureau. The employer and the insurance carrier hold a writ to review the action of the Bureau.

The last heart seizure, the result of unduly strenuous exercise, occurred in the State of New York. No appeal was taken to the Court of Common Pleas. *R. S.* 34:15–66 as amended. Application was directly made to the Supreme Court for *certiorari* which was granted. We do not think we are concerned with anything save the occurrence of June 21st, 1946.

Mr. Dodge is an assistant embalmer funeral director. At the time of the occurrence, he was about sixty years of age. In the course of his duties on the morning he sustained his injuries, he helped to place a mahogany coffin, containing a body, in a wooden shipping box and drove it to the Grand Central Station in New York for shipment to Maine. The combined weight of the body, casket and pine box was between four and five hundred pounds. He pulled the box containing the casket far enough out for the railroad employees to reach the handles on both sides. It was then lowered to a truck

for dispatch to the train upon which it was to be carried to its ultimate destination. The distance between the receiving platform and the Grand Central Station ticket office, to which he had to go, is great. He felt nausea after he had completed his work and went to a drug store. He then returned to the hearse in order to drive it back to his employer's place of business. He felt pain again while in Lyndhurst and stopped the hearse and sat on the running board until he was somewhat relieved. When he returned to the undertaking establishment, he again felt pain and was sent to Dr. Dukes in Kearny.

The case is not entirely free of suggestion of previous heart difficulties, but the proofs, as we find them and as they appear in the record, bring the findings of the Bureau well within the case of *Bernstein Furniture Co.* v. *Kelly,* 114 *N. J. L.* 500; *affirmed,* 115 *Id.* 500.

We have carefully examined the argument of counsel and can find nothing in *Lohndorf* v. *Peper Bros. Co.,* 134 *N. J. L.* 156; *affirmed,* 135 *Id.* 352, inconsistent with this holding.

The proofs well sustain a finding of an accident arising out of and in the course of the employment, and we so find. The award as made seems proper and within the statute.

The judgment of the Bureau will be affirmed, with costs.